Theodore X. A. SEWELL and Joseph X. Watson, Complainants,

v.

Robert F. KENNEDY et al., Defendants.

Civ. A. No. 2953-M.

United States District Court
E. D. Virginia,
Alexandria Division.

Sept. 17, 1963.

LEWIS, District Judge.

In this action Theodore X. A. Sewell again seeks his immediate release from Lorton Reformatory, injunctive relief and damages against the named defendants in the amount of $6,000,000.00.

Leave was granted to file the petition in forma pauperis. Each of the defendants responded by filing their respective motions to dismiss.

Upon consideration of the pleadings thus filed, the Court is of the opinion the petition should be DISMISSED as to all defendants, and an appropriate order will be accordingly entered.

Sewell,[1] in his petition, does not question the legality of his detention, and his allegations of mistreatment and denial of his civil rights are not grounds calling for his release. The gravamen of his complaint appears to be alleged mistreatment flowing from a denial of the right to practice his religion (Islam) while confined in the Lorton Reformatory, and the dismissal of his appeal from the ruling of this Court by the United States Court of Appeals for the Fourth Circuit in Civil Actions No. 8582–62 and No. 8583–62, reported in 304 F.2d at page 670.

The alleged mistreatment and denial of civil rights here complained of are substantially the same as set forth in the suits dismissed by the Court of Appeals and may not again be made the basis for further hearing, except in the event the assurances given the Court of Appeals in that suit are not complied with.

Sewell does not allege any breach of these assurances. He centers this phase of his complaint upon the spurious contention that he did not authorize his court-appointed counsel to consent to the dismissal and that he is not bound by his action.

Theodore X. A. Sewell, pro se.

Plato Cacheris, First Asst. U. S. Atty., Alexandria, Va., for defendants.

1. Watson is not a party plaintiff in this action and is not considered as such. The petition was neither signed nor filed by Watson. Sewell has no authority to represent him in the premises.

The alleged mistreatment here complained of and in the suit dismissed, consisted, in the main, of disciplinary action resulting from violation of prison rules on the part of Sewell and Watson. Such claims are non-justiciable. Roberts v. Pegelow, 313 F.2d 548 (4 Cir., 1963); Childs v. Pegelow, 321 F.2d 487 (4 Cir., 1963).

If Sewell has any right to complain about the dismissal of these suits by the Court of Appeals, and we do not think he has, his complaint should be addressed to that Court and not to this one.

Notwithstanding the said dismissal, Sewell and Watson were permitted to file another complaint[2] in this Court September 14, 1962, in forma pauperis, embodying substantially the same contentions as set forth in the instant suit, and this Court appointed counsel to assist them in the preparation of their cases. Numerous witnesses were interviewed by their counsel and subpoenaed to testify in their behalf. The case was set for hearing on the merits March 11, 1963, at which time these petitioners, without just cause, refused to appear. Instead, they wrote the Court stating they wanted their suits dismissed; whereupon Civil Actions No. 2760 and No. 2771 were dismissed with prejudice. Later that day both Sewell and Watson were brought to Alexandria to testify as witnesses for another prisoner then being heard. They again advised the Court they wished their suits dismissed. The consolidated cases heard by the Court that date have been appealed to the Court of Appeals for the Fourth Circuit, and are now pending therein.

Sewell has been shown more consideration in re his claimed deprivation of civil rights while confined in the Lorton Reformatory than a person is legally entitled to ask and receive,[3] and will not be heard again by this Court on a complaint embodying the same subject matter, except in the manner provided for by the Court of Appeals in Sewell and Watson v. Pegelow, 304 F.2d 670.

Sewell's remaining prayer, that this Court order the institution of an immediate law suit against the named defendants for damages in the sum of $6,000,000.00 for conspiracy to deny him the equal protection of the law in Appeal Cases No. 8582 and No. 8583, is not only novel but entirely without merit. Some of the named defendants are not within the jurisdiction of this Court; some are officials of the Department of Justice, acting within the scope of their respective offices; some took no part in the appeal. The complaint does not state a cause of action as to any of the defendants.

Sewell also requests this Court to appoint him counsel to assist him in the prosecution of his complaint. The appointment of counsel in a civil action is not of right. It lies within the sound discretion of the Court. This Court and the Court of Appeals both appointed counsel to assist Sewell in the presentation of his complaint. He now wants court-appointed counsel to assist him in suing the named defendants, including his former court-appointed counsel, for monetary damages. The prayer will be DENIED. To do otherwise would be to make a mockery of this Court.

Let copies of this memorandum opinion, and the order dismissing the complaint, be mailed to the petitioner, the defendant George Blow, and counsel for the other named defendants.

---

2. That complaint did not refer to the dismissal of the appeal or seek leave to institute a suit for damages.

3. "It has been pointed out repeatedly that prisoners suffer a limitation of many privileges and rights, Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L. Ed. 1356 (1948), even a limitation of the right to bring civil actions. See Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), and reference therein to the recognition of the fact that, under the laws of many states, imprisonment destroys the legal capacity of penitentiary inmates to sue." Childs v. Pegelow, 321 F.2d 487 (4th Cir. 1963).